Dated: January 18, 2011

**The following is ORDERED:**

TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:
**ROBERT WAYNE WEEKS,**　　　　　　　　　　Case No. 10-81320-TRC
**SHERRY LYNN WEEKS,**　　　　　　　　　　Chapter 13
　　　　Debtors.

ORDER

　　　　On November 4, 2010, there came on for hearing Debtors' Chapter 13 Plan (Docket Entry 2), Second Amended Plan and Summary (Docket Entry 54), and Third Amended Plan and Summary (Docket Entry 73), with Objection to Confirmation of the Plan filed by Creditor Wells Fargo Equipment Finance, Inc. ("Wells Fargo") (Docket Entry 28) and Debtors' Response (Docket Entry 42);Wells Fargo's Motion for Relief from Stay (Docket Entry 29) with Debtors' Response (Docket Entry 66). Appearances were entered by Grant Cheadle and Dana McDaniel for Debtors, James Rusher for Creditor Wells Fargo, and Richard Walden for the Chapter 13 Trustee. This hearing was continued from a preliminary hearing held on October 22, 2010. The parties chose to forego offering sworn testimony of their witnesses. Instead, the parties stipulated to certain facts and submitted exhibits to the Court. A Stipulation of Facts by Debtors and Wells Fargo (Docket Entry 82) was

filed after the hearing. Each party and the Chapter 13 Trustee also submitted Proposed Findings of Fact and Conclusions of Law (Docket Entries 83, 84, and 85). After reviewing the motions, briefs and record submitted, the Court finds that Creditor's Motion for Relief from the Automatic Stay should be denied, and Plaintiffs' Third Amended Plan should be confirmed.

## FINDINGS OF FACT

A.  Background.

This case involves three security agreements owned by Wells Fargo regarding equipment used in a logging business run by the Debtors. Each agreement was a purchase money security agreement, made by Weeks Logging, Inc., and personally guaranteed by Debtor Robert Weeks. Weeks Logging defaulted on these agreements in March of 2010. Debtors then filed a personal Chapter 13 bankruptcy in this Court on July 14, 2010. When they discovered that Wells Fargo objected to a modification of its claims against the corporate assets through the Debtors' individual bankruptcy, Debtors decided to dissolve the corporation and transfer its assets to Debtors. Thus, Debtors dismissed their first Chapter 13 case, dissolved the corporation and transferred the assets to themselves, then filed the Chapter 13 case now pending before this Court.

B.  Stipulation of Facts.

The Court adopts the Stipulation of Facts Nos. 1 - 50 submitted and agreed to by Debtors and Wells Fargo filed of record in this case (Docket Entry 82) and incorporates them herein by reference.

## CONCLUSIONS OF LAW

The parties stipulate that the collateral securing the debt owed to Wells Fargo by Weeks Logging, Inc. is property of these Debtors' bankruptcy estate. (*Stipulations of Fact*, *No. 43*, Docket Entry 82). However, Wells Fargo states in its Proposed Findings of Fact that the collateral is NOT

property of the bankruptcy estate, that it is held in trust for the payment of creditors of Weeks Logging, Inc., and that Wells Fargo is entitled to foreclose its interest without violation of the automatic stay. Section 541 provides that all legal and equitable interests of the debtors on the date of filing become property of the bankruptcy estate. Regardless of whether the dissolution of Weeks Logging, Inc. and transfers of its assets to Debtors were procedurally improper under Oklahoma law regarding dissolution of corporations, the transfers did occur and Debtors hold at least a legal interest in the property. They may also have retained an interest in the property upon dissolution since they were the sole shareholders of the dissolved corporation, although their interest is subject to Wells Fargo's security interest. *See In re Greeson*, 2009 WL 1542770 (Bankr. D. Kan. 2009). Therefore, this Court concludes that the equipment in question is property of their bankruptcy estate.

Having concluded that the equipment is property of the estate, the Court must determine whether the stay should be lifted to allow Wells Fargo to foreclose on the equipment, and whether the Debtors' Third Amended Plan should be confirmed. The Court finds that the analysis of these issues and recommendations contained in the Chapter 13 Trustee's Proposed Findings of Fact and Conclusions of Law are well-founded, and therefore adopts his position.

The evidence before this Court is that the Debtors' actions were motivated by a desire to continue their business in order to be able to pay the debt owed to Wells Fargo as well as to their other creditors, and that if they are not able to modify their payments through the bankruptcy, they will not be able to continue the business. Motions for relief from the automatic stay may be granted for cause, such as lack of equity in the property, lack of adequate protection for the creditor, and where the property is not necessary for an effective reorganization. 11 U.S.C. § 362(d). No evidence was presented regarding any equity that may exist in the property at issue, other than the debt due

on the equipment loans, therefore the Court cannot make a determination as to equity. The parties stipulated that without this equipment, the Debtors will not be able to stay in the logging business and their Chapter 13 Plan will fail. (*Stipulations of Fact*, *No. 32*, Docket Entry 82). Further, the parties stipulated that Debtors have made their plan payments for the months leading up to the hearing in November, there is no evidence that the property is at risk of loss, and the Trustee has represented that Wells Fargo has received $22,452.72 in pre-confirmation payments. These facts help persuade the Court that Wells Fargo is adequately protected at this time. Debtors' plan proposes to pay Wells Fargo in full by amortizing the missed payments over the life of the sixty month plan. The Court believes these to be reasonable terms under the circumstances of this case. The Court has heard no evidence that Debtors acted in bad faith in dissolving the corporation and transferring its assets, but that their intent was to preserve their business in order to pay off their creditors. Based upon these facts and stipulations, the Court finds that Wells Fargo is adequately protected, the property is necessary for an effective reorganization, and cause does not exist to lift the stay at this time. Therefore, the Motion for Relief from Stay should be denied.

Wells Fargo objects to Debtors' Plan on the grounds that Debtors will not be able to make the proposed payments and comply with the terms of the plan, and because of its belief that Debtors did not file this bankruptcy in good faith, pursuant to 11 U.S.C. § 1325(a)(6) & (7). The evidence before the Court is that Debtors are reducing the amount of their monthly payment to Wells Fargo by amortizing the debt over a sixty month plan term. Also, thus far, Debtors have been able to make their plan payments. Therefore, the Court overrules Wells Fargo's objection on this ground.

As to the issue of bad faith, as has previously been stated, this Court heard no evidence of bad faith other than the timing and nature of the actions taken by Debtors leading to this bankruptcy.

This does not indicate bad faith on the part of Debtors. The parties stipulated that Debtors spend over sixty hours a week working in their logging business, that they are hard workers, and that they intend to comply with the provisions of their proposed plan. (*Stipulation of Facts, No. 50,* Docket Entry 82). The Court previously extended the automatic stay pursuant to § 362(c), upon Debtors' representation that they filed their current Chapter 13 bankruptcy in order to fully pay Wells Fargo and their other creditors, and without objection from Wells Fargo or any other creditor. (*Order to Continue/Reimpose the Automatic Stay*, Docket Entry 19). The remaining factors supporting confirmation of Debtors' Third Amended Plan appear to have been met, thus the Court adopts the position of the Chapter 13 Trustee and finds that the plan should be confirmed for a term of sixty months.

IT IS THEREFORE ORDERED that Wells Fargo's Motion for Relief from Stay (Docket Entry 29) is **denied**.

A separate order shall be entered confirming Debtors' Third Amended Chapter 13 Plan and Summary.

###